■ CARMINE FORGIONE et al., Appellants, v TOWN OF HARRISON et al., Respondents. — In an action for a declaratory judgment and related relief, plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Cerrato, J.), entered June 16, 1982, as denied their motion for summary judgment. Order modified, on the law, by adding thereto provisions granting summary judgment to defendants, declaring the ordinance in issue to be constitutional, and otherwise dismissing the complaint. As so modified, order affirmed insofar as appealed from, without costs or disbursements. Although defendants have not cross-moved for summary judgment, such relief may be granted, in appropriate cases, to the nonmoving party (see CPLR 3212, subd [b]). We agree with plaintiffs that there are no factual issues necessitating a trial; however, we find that they have not met their burden of demonstrating beyond a reasonable doubt that subdivision H of section 66-3 of the Town Code of the Town of Harrison is unconstitutional (see *Matter of Malpica-Orsini,* 36 NY2d 568, app dsmd *sub nom. Orsini v Blasi,* 423 US 1042). Plaintiffs live at the end of Gainsborg Avenue, a dead-end street. They brought this action because, at times, cars double park on their block rendering impossible ingress and egress between the public roadway and their driveway. Unlike bordering avenues, cars can legally park on either side of the street on that block of Gainsborg Avenue. Plaintiffs are aggrieved by the fact that cars illegally double park near their property. They claim that if cars were permitted to park on only one side of their dead-end street, then they would enjoy free access between their driveway and Gainsborg Avenue. The fact, however, that cars double park on that particular block does not render unconstitutional the ordinance which prohibits parking on certain sides of neighboring streets. It appears to this court that if the local police were to enforce the prohibition against double parking, and we strongly urge that they do, then plaintiffs' problem would be remedied. Mollen, P. J., Weinstein, Bracken and Rubin, JJ., concur.